UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY CLARK, | ) | 1:09-CV-0655 LJO JMD HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| L. WATSON, | ) | |
| | ) | OBJECTIONS DUE WITHIN THIRTY (30) |
| Respondent. | ) | DAYS |
| | ) | |

Henry Clark (hereinafter "Petitioner") is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a 1981 conviction for second degree murder and assault with intent to commit murder. The trial court sentenced Petitioner to a prison term of seventeen years to life. Petitioner is not currently challenging his conviction; rather, the instant petition challenges the decision by the California Board of Parole Hearings (the "Board") to deny Petitioner parole. Petitioner appeared before the Board in November 2006.

In December 2007, Petitioner filed a petition for writ of habeas corpus with the Los Angeles County Superior Court challenging the Board's decision. (Resp't Answer Ex. 1.) The Superior Court issued a reasoned opinion denying the petition on April 1, 2008. (Resp't Answer Ex. 2.)

1    Petitioner also filed petitions for writ of habeas corpus with the California Court of Appeal
2 and the California Supreme Court. (Resp't Answer Exs. 3, 5.) The California Court of Appeal and
3 the California Supreme Court issued summary denials of the petitions. (*See* Resp't Answer Ex. 4, 6.)
4    On April 13, 2009, Petitioner filed the instant federal petition for writ of habeas corpus.
5 Respondent filed a response to the petition on November 24, 2009, to which Petitioner filed a
6 traverse on December 21, 2009.

## FACTUAL BACKGROUND

8    California regulations mandate that the Board consider the circumstances of the commitment
9 offense in determining parole suitability. *See* Cal. Code Regs. tit. 15, § 2402(c)(1). As the facts of
10 the commitment offense were considered by both the Board and the Los Angeles County Superior
11 Court, they are relevant to this Court's inquiry into whether the Superior Court's decision, upholding
12 the Board's denial of parole, was objectively unreasonable. The Superior Court summarized the
13 facts as follow:[1]

> The record reflects that on July 16, 1980, petitioner drove by the victims, who were on a motorcycle and shot the driver with a 12 gage sawed-off shotgun. Shotgun pellets struck both victims. The driver of the motorcycle kept going until he lost control of the bike, which went down. Petitioner's car returned and petitioner shot the victims again. Another man in the vehicle with petitioner shouted out, "East Side Bolen." The driver of the motorcycle was pronounced dead at the scene, while the passenger sustained nerve damage, punctures and multiple fractures to the lower and upper arm bones. Although the motive for the murder was gang retaliation, petitioner admitted that he did not know if the victims were actually members of the rival gang.

19 (Resp't Answer Ex. 2 at 1.)
20    This statement of the facts is consistent with the version given by Petitioner at the parole
21 hearing. (Tr. Parole Hearing at 10-13.)
22 \\\
23 \\\
24 \\\

---

[1] These facts are derived from the Los Angeles County Superior Court's opinion issued on April 1, 2008. (*See* Resp't Answer Ex. 2). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a determination of fact by the state court is presumed to be correct unless Petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Moses v. Payne*, 555 F.3d 742, 746 n.1 (9th Cir. 2009); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**DISCUSSION**

**I.     Jurisdiction**

A person in custody pursuant to the judgment of a State court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. Petitioner is currently incarcerated at Avenal State Prison, which is located in Kings County. As Kings County falls within this judicial district, 28 U.S.C. § 84(b), the Court has jurisdiction over Petitioner's application for writ of habeas corpus. *See* 28 U.S.C. § 2241(d) (vesting concurrent jurisdiction over application for writ of habeas corpus to the district court where the petitioner is currently in custody or the district court in which a State court convicted and sentenced Petitioner if the State "contains two or more Federal judicial districts").

**II.    AEDPA Standard of Review**

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of AEDPA and is consequently governed by its provisions. *See Lockyer v. Andrade*, 538 U.S. 63, 70 (2003). Thus, the petition "may be granted only if [Petitioner] demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)), *overruled in part on other grounds*, *Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc); *see Lockyer*, 538 U.S. at 70-71.

Title 28 of the United States Code, section 2254 remains the exclusive vehicle for Petitioner's habeas petition as Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment. *See Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-27 (9th Cir. 2006), *overruled in part on other grounds*, *Hayward*, 603 F.3d at 555. As a threshold matter, this Court must "first decide what constitutes

'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id*. (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id*. Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id*. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *Clark v. Murphy*, 331 F.3d 1062, 1072 (9th Cir. 2003) ("While *only* the Supreme Court's precedents are binding on the Arizona court, and only those precedents need be reasonably applied, we may look for guidance to circuit precedents"); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999) ("because of the 1996 AEDPA amendments, it can no longer

reverse a state court decision merely because that decision conflicts with Ninth Circuit precedent on a federal Constitutional issue....This does not mean that Ninth Circuit caselaw is never relevant to a habeas case after AEDPA. Our cases may be persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established'"). Furthermore, the AEDPA requires that the Court give considerable deference to state court decisions.  The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). A federal habeas court is bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002).

The initial step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005).  Where more than one State court has adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. *Id*. (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order).  Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. *Bailey v. Rae*, 339 F.3d 1107, 1112-1113 (9th Cir. 2003).  Here, the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court reached the merits of Petitioner's claims.  The California Supreme Court and the California Court of Appeal's decisions were summary denials; thus, the Court looks through those decisions to the last reasoned decision, namely, the decision by the Los Angeles County Superior Court. *See Nunnemaker*, 501 U.S. at 804.

**III.    Review of Petitioner's Claims**

The petition for writ of habeas corpus sets forth five grounds for relief.  In his first three grounds for relief, Petitioner challenges the Board's reliance on his commitment offense, contending that continuing reliance on this factor violates his due process rights and cannot constitute some evidence.  Petitioner additionally alleges that the Board's reliance on the psychological report also cannot amount to some evidence. Lastly, Petitioner contends that the requirement that he attend Alcoholics Anonymous prior to a parole suitability finding violates the Establishment Clause of the

U.S. District Cour
E. D. California

5

United States Constitution.

### A.     Grounds One, Two, Three, and Four: Some Evidence and Due Process

Petitioner alleges in his first four grounds for relief that certain factors, such as the commitment offense and psychological report, cannot constitute some evidence of parole unsuitability and that the Board's reliance on these factors violate his constitutional right to due process of the law. The Court addresses these claims together.

The Court analyzes Petitioner's due process claims in two steps: "the first asks whether there exist[s] a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Sass*, 461 F.3d at 1127. The United States Constitution does not, by itself, create a protected liberty interest in a parole date. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981). Respondent argues that Petitioner does not have a federally protected liberty interest in parole. (Resp't Answer at 2:7.) The Ninth Circuit Court of Appeals has recognized that "[i]f there is any right to release on parole, or to release in the absence of some evidence of future dangerousness, it has to arise from substantive state law creating a right to release." *Hayward*, 603 F.3d at 555. The Ninth Circuit further recognized that "[t]here is no general federal constitutional 'some evidence' requirement for denial of parole, in the absence of state law creating an enforceable right to parole." *Id*. at 559. The *Hayward* court's finding, that there exists no free standing federal due process right to parole or the federal right to some evidence of current dangerousness, contained the consistent and continual caveat that state law may in fact give rise to federal protection for those rights. As the Ninth Circuit later reiterated, "state created rights may give rise to liberty interests that may be enforced as a matter of federal law." *Pearson v. Muntz*, 606 F.3d 606, 609 (9th Cir. 2010) (per curiam) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). The *Pearson* court found that, "*Hayward* necessarily held that compliance with state requirement is mandated by federal law, specifically the Due Process Clause" as "[t]he principle that state law gives rise to liberty interests that may be enforced as a matter of federal law is long-established." *Id.*

\\\

\\\

1    The next question is whether California's parole scheme gives rise to a liberty interest
2 enforced as a matter of federal law. The Ninth Circuit has definitively concluded that "California
3 has created a parole system that independently requires the enforcement of certain procedural and
4 substantive rights, including the right to parole absent 'some evidence' of current dangerousness."
5 *Id*. at 611 (citing *Hayward*, 603 F.3d at 562); *see also Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir.
6 2010) (noting that "California's 'some evidence' requirement is a component of the liberty interest
7 created by the parole system of that state"). Consequently, the inquiry that a federal habeas court
8 must undertake in determining whether the denial of parole comports with the requirement of federal
9 due process is "whether the California judicial decision approving the governor's [or parole board's]
10 decision rejecting parole was an 'unreasonable application' of the California 'some evidence'
11 requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'"
12 *Hayward*, 603 F.3d at 563 (quoting 28 U.S.C. § 2254(d)(1)-(2)) (footnotes omitted). Thus, the
13 inquiry the Court must now undertake is whether the Los Angeles County Superior Court's decision
14 was an unreasonable application of the California some evidence standard.

15    Here, the Superior Court concluded that there was some evidence in the record to support the
16 Board's finding that Petitioner was unsuitable for parole. (Resp't Answer Ex. 2 at 1.) The Superior
17 Court noted that the facts of the commitment offense indicated that Petitioner posed an unreasonable
18 risk of danger to society. (Id. at 1-2.) However, the Superior Court noted that:

> In addition to the egregiousness of the commitment offense, the Board also considered other factors in denying parole. According to the psychological evaluation, Petitioner poses a moderate to high risk of violence. (RT at 57.) Likewise, his correction[al] counselor state that his violence potential is unacceptably high. (Id. at 54.) The Board found that [Petitioner] had not engaged in activities that indicate[] an enhanced ability to function within the law upon release. (Cal. Code Regs., tit. 15, § 2402, subd. (d)(9).) Despite his lengthy incarceration, he has received no vocational certificates while in prison. Because his violence potential has been assessed to be high and he has acquired no marketable skills with which to support himself, there is some evidence to support the Board's determination that petitioner is not yet suitable for parole.

25 (Id. at 2.)

26    The Court initially notes that the Superior Court applied the correct standard of review as the
27 California Supreme Court held in *Lawrence* that, "[t]he relevant determination for the Board and the
28 Governor is, and always has been, an individualized assessment of the continuing danger and risk to

public safety posed by the inmate." *In re Lawrence*, 44 Cal. 4th at 1227 (noting that "mere recitation of the circumstances of the commitment offense, absent articulation of a rational nexus between those facts and current dangerousness, fails to provide the required "modicum of evidence" of unsuitability"). The Ninth Circuit reiterated this principle, stating that "a reviewing court must consider 'whether the identified facts are *probative* to the central issue of *current* dangerousness when considered in light of the full record before the Board or the Governor.'" *Cooke*, 606 F.3d at 1214 (emphasis in original) (quoting *In re Lawrence*, 44 Cal. 4th at 1221). As the Ninth Circuit observed in *Cooke*:

> Under California law, "the paramount consideration for both the Board and the Governor" must be "whether the inmate currently poses a threat to public safety and thus may not be released on parole,"[citation], and "the facts relied upon by the Board or the Governor [must] support the ultimate decision that the inmate remains a threat to public safety.

*Id*. (quoting *In re Lawrence*, 44 Cal. 4th at 1210, 1213); *see also* Cal. Code Regs. tit. 15, § 2402(a) ("[I]f in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison," the prisoner must be found unsuitable and denied parole). Here, the Superior Court considered whether there was evidence of current dangerousness in the record.

The majority of the petition for writ of habeas corpus challenges the Board's reliance on his commitment offense as a reliable predictor of Petitioner's current dangerousness. (Pet. Mem. P. & A. at 20-33.[2]) However, as the Superior Court noted, the Board relied on additional evidence in reaching the conclusion that Petitioner is currently dangerous. The Board found that the commitment offense, Petitioner's insufficient participation in self-help programs, and his latest psychological report all weighed against finding Petitioner suitable for parole. (Tr. Parole Hearing at 69-72.) The Board found the 2003 psychological report significantly probative of current dangerousness, noting that report labeled Petitioner as being unable to conform to a structured environment and posing a moderate to high level of risk for future violence. (Id. at 72, 57.) The Superior Court noted that the report by Petitioner's Correctional Counselor also evidenced current dangerousness. The report classified Petitioner's violence potential if released into the free

---

[2]The Court construes the document Petitioner has labeled as his supplemental petition, which was attached to the original petition, as Petitioner's Memorandum of Points and Authorities.

U.S. District Cour
E. D. California
8

community as "unacceptably high." (Id. at 54.) The report further opined that, "[a]lcohol and drug use is significantly related to the commitment offense. Clark's ability to refrain from drugs and alcohol if released to the community would be a concern. Clark had only a superficial grasp of the underlying psychological motives and needs that influenced his homicidal behavior." (Id.) While the psychological evaluation is three years old, the temporal remoteness of the evaluation is not so attenuated such that its probative value is unreliable.[3] Furthermore, the psychological evaluation itself reiterated the conclusions reached by the Correctional Counselor. Thus, the Court finds that the evidence cited by the Superior Court to be sufficient to satisfy the some evidence standard. Consequently, the Court finds the Superior Court's decision is not an objectively unreasonable application of the California some evidence standard and Petitioner is not entitled to federal habeas corpus relief.

### B. *Participation in Alcoholics Anonymous*

Petitioner contends that mandated participation in Alcoholics Anonymous as a prerequisite to release violates the Establishment Clause of the United States Constitution. As the Ninth Circuit recently observed, a requirement that Petitioner attend Alcoholics Anonymous as a condition of parole would likely violate his First Amendment rights. *See Pirte v. California Bd. of Prison Terms*, __ F.3d __, 2010 WL 2732888, * 7 n.6 (citing *Inouye v. Kemna*, 504 F.3d 705, 712-715 (9th Cir. 2007)). Here, the Board did not deny Petitioner parole because he failed to attend Alcoholics Anonymous nor does Petitioner allege that he refused to participate in Alcoholics Anonymous for religious grounds. In fact, the Board noted that Petitioner has a long history of attendance with Alcoholics Anonymous. Rather, the Board found that Petitioner has not yet sufficiently participated in self help programming because he was unable to name any of the Twelve Steps despite his attendance in Alcoholics Anonymous. Petitioner's failure to retain the lessons learned from his time

---

[3] Petitioner challenged the conclusions reached in the psychological evaluation, citing to academic authority in support of his contentions. As the Ninth Circuit observed in *Hayward*, the some evidence standard is highly deferential. *Hayward*, 603 F.3d at 562 (citing *In re Rosenkrantz*, 29 Cal. 4th 616, 665 (2002)). The California Supreme Court in *Rosenkrantz*, 29 Cal. 4th at 665, stated that, "the 'some evidence' standard is extremely deferential and reasonably cannot be compared to the standard of review involved in undertaking an independent assessment of the merits or in considering whether substantial evidence supports the findings underlying a gubernatorial decision." Thus, the Court finds Petitioner's challenge unpersuasive as it not the province of this Court to reexamine or re-weigh evidence.

1  in Alcoholics Anonymous was probative to his current dangerousness as Petitioner admitted drugs
2  and alcohol were factors in the commitment offense. (Tr. Parole Hearing at 71.) Thus, the Court
3  finds that the Board's reliance on Petitioner's insufficient self-help programming is permissible and
4  Petitioner is not entitled to relief on this ground.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O' Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) *court* days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 30, 2010**              **/s/ John M. Dixon**
                                          UNITED STATES MAGISTRATE JUDGE